IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,　　　　:　　　*clear* 369

　　　　　　Respondent,　　　:　　No. 05-Cr-00369

　　v.　　　　　　　　　　　:　　"WITH A REQUEST FOR AN
　　　　　　　　　　　　　　　　　EVIDENTIARY HEARING"
THOMAS DANIELS,　　　　　　:

　　　　　　Pro se-Movant.　:

_____


**Motion Pursuant To 18 U.S.C. § 3582(c)(1)(B) And (c)(2) In Conjuction With The Factors Set Forth In 18 U.S.C. § 3553(a) For A Reduction In The Term Of Imprisonment.**

_____

To:　The Honorable Michael M. Baylson, U.S. District Judge:

## I. <u>Introduction</u>

　　**And Now Comes,** Thomas Daniels, Pro se-Movant, in the above named-matter, hereinafter "Movant," seeking the subsequent justice—of the reduction in the term of imprisonment authorized by Congress pursuant to 18 U.S.C. § 3582(c)(1)(B) predicated upon 21 U.S.C. § 841(b)(1)(C) through 28 U.S.C. § 2255 ¶1.　In addition, Movant seeks the subsequent justice—of the reduction in the term of imprisonment via Amendments 591, 706 and 711 made retroactive to the terms of the United States Sentencing Guidelines ("USSG") § 1B1.10(c) as authorized under 18 U.S.C. § 3582(c)(2).　That is to rectify and reconcile Movant's judgment of conviction(s) to correspond to Movant's offense(s) of conviction.

## II.                    Jurisdiction

Pursuant to 18 U.S.C. § 3582(b), regulating the "Effect of finality of judgment—Notwithstanding the fact a sentence to imprisonment can be—(1) modified pursuant to the provisions of subsection (c). Noticeably, § 3582(c) proceedings renders the judgment no longer final for the limited purpose of imposing a reduced sentence. 1/(A&B) This Court's judisdiciton is being invoked under 18 U.S.C. § 3582(c)(1)(B) predicated upon 21 U.S.C. § 841 (b)(1)(C) cognizable for relief under 28 U.S.C. § 2255; and, 18 U.S..C. § 3582(c)(2) predicated upon USSG's Amendments 591, 706 and 711. Coextensively, Movant moves this Court under the dictates of 28 U.S.C. §§ 451, 452 and 453 in the administration of justice thereof.

## III.            Relevant Facts And   Procedures
               Justifying Reduction

1. On March 12, 1996, a federal petit jury convicted Movant of two counts—Count One (21 U.S.C. § 841(a), distribution of cocaine) and Count Two, distribution of cocaine base) of a three count indictment returned by a federal grand jury sitting in the Eastern District of Pennsylvania. The jury found Movant not guilty as to Count Three alleging a 18 U.S.C. § 924(c) viol-

---

1/(A)
        Pursuant to 18 U.S.C. § 3582(c)(1)(B), Congress authorized district courts to modify a defendant's sentence pursuant to 28 U.S.C. § 2255 to the extent therein. See e.g., U.S. v. Goines, 357 F.3d 469, 476 (4th Cir. 2004)

1/(B) "Congress delegated to the Commission the authority to decide when a final judgment may be revised. Thus, the disruption of finality engendered by a broad interpretation of 3582(c)(2) is consistent with the legislative design." See U.S. v. Goines, 357 F.3d 469, 478 (4th Cir. 2003).

tion.

2. **During trial**, the parties had entered into an agreement stipulating to the testimony of an expert witness as to the quantity of the controlled substance in Count One to be 495.9 grams of cocaine. However, the Court during its charge to the jury would instruct the jury the amounts were: "a measurable amount of the Schedule II Controlled Substance, cocaine." See Charge Of The Court., page 4, submitted as herein as exhibits # 1-3, specifically; exhibit #2. Likewise, in Count Two, the parties stipulated to a quantity of 231.3 grams of cocaine base. Again, the Court would instruct the jury to: "a measurable amount of the Scheduled II Controlled Substance, cocaine base ("crack cocaine"). See Charge Of The Court, pg. 11, submitted herein as exhibit #3.

3. Also, **prior to trial,** in the Government's Proposed Jury Instructions, the Government's Request No. 4 and No. 20, are submitted herein as exhibits #4-5, corresponding to the offense of convictions for both Count One and Two, i.e., 21 U.S.C. § 841(a)(1) and (b)(1)(C).

4. In addition, **prior to trial,** the Government filed an "information" pursuant 21 U.S.C. § 851, i.e., alleging Movant had two final prior felony drug convictions. Both convictions were related to the judgment of May 31, 1990, ignored by the United States Probation Department ("USPD"), The Assistant United States Attorney ("AUSA"), the Court and counsel later at sentencing.

5. **During the trial,** at the close of the evidence, in

3.

the "Charge Of The Court" the Court directed the verdict to
the jury as to the quantities of the Controlled Substance of Counts
One and Two. See exhibits #2 and 3: "I instruct you that Fed-
eral Law does not require that some measurable amount of the
controlled substance be contained in the substance which is the
subject of the indictment. The law does not require that any
certain quantity of a controlled substance exists to support
a conviction."

      6.    Following those instructions above, on March 12,
1996, the jury returned guilty verdicts on Counts One and Two—
only to a measurable amount of controlled substance in violation
of 21 U.S.C. § 841(a), i.e., corresponding to 21 U.S.C. § 841
(b)(1)(C)'s detectable amount for punishment purposes. Hence,
this Court would ultimately order a Presentence Investigative
Report ("PSI").

      7.    **During Sentencing,** June 26, 1996, following the PSI
computations and objections thereto, this Court would hear the
arguments of the parties toward the appropriate sentence. Coun-
sel's first objection consisted of four subparts (i) the offense
level; (ii) Amendment 487; (iii) the stipulation, see Sentencing
Transcripts, page 4-10; and (iv) Moreso important, Counsel argued
the disparity of cocaine base v. crack cocaine, See Sentencing
Transcripts, pages 11-12. Counsel's second argument was based
upon 21 U.S.C. § 851. Counsel scantly mentioned the relatedness
of the two prior felony convictions related to the May 31, 1990's
Judgment of Conviction as a concurrent sentence. See Sentencing
Transcript ("S.Tr.") at 14-15.

8.    Also, **during sentencing,** as to the drug quantities, just like the allegations in the indictment of drug quantities were removed from their consideration limited to a measuarable amount, See exhibits #2-3.  Likewise, the drug amounts in the stipulation submitted to the jury were removed and reduced to a measurable amount, see exhibits #2-3.  However, during sentencing, the Government was allowed to resort to the unredacted stipulation in support of the life sentence in which the Court would agree and impose a mandatory life sentence on count two.

9.    Notwithstanding the above, as to Count One, the Court imposed a thirty-year sentence on count one, far and above what USSG § 2D1.1(8) required, which maximum limit was 78 months. Noticeable, the Court relating to Count One would depart from the standard guideline sentence absent any notice of its intent. See USSG § 6A1.4—Notice of Possible Departure (Policy Statement).

10.    Consequently, **during sentencing,** this Court would determine facts that constituted (the mandatory-minimum) element of the offense (drug quantity element) to impose the mandatory minimum of 21 U.S.C. § 841(b)(1)(A).  That is, by the preponderance of evidence standard applied to sentencing factors but not authorized for elements of an offense.

11.    **Postsentence conduct,** Movant has diligently habilitated himself over the years of his incarceration prompted by his own volition.  For example, Movant proudly brings the following accomplishments and continued self improvement efforts to the attention of ths Honorable Court:

Over the years Movant has earned his GED, attended Penn-

5.

sylvania State College where he earned an Honors Certificate his first semester, he also has 27 credits at Penn State towards his degree in Business Administration. He also has earned over 60 College credits through Newport Business Institute. He has obtained certificates through NBI in accounting and customer service. He has also earned other certificates starting a business, Personal Finance/Consumer, Employment Skills working with the Homeless 1, working with the Homeless 2, Public Speaking, Life Skills, Introduction to computing, Blueprint, Schematics, Introduction to computers, Input/Output devices, Computer + Fundamentals Skills, release/Requirements, Information/Community resources, Spanish, Business Information Resources, Drug abuse program, Breaking Barriers, Alcohol Anonymous, Narcotics Anonymous, Introduction to CAD, Leather Craft, Art for Leisure, OSHA Safety, Outreaching Training, Health Service Course, Flexibility + Stability Technics, Swissball Fitness, and 1890 Hrs of OJT in Quality Control.

Lastly, Movant has promise of gainful employment upon his release. Any supporting documents for the above mentioned will be presented upon request of the Court or during any future hearing in the instant proceeding.

IV.     **Binding And Dispositive Supreme Court Authority Has Been Handed Down After The Original Judgment Corresponding To 18 U.S.C. § 3582(c)(1)(B) And (c)(2) Authorizing Reduction Of Movant's Term Of Imprisonment.**

12. The Supreme Court in <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed2d 621 (2005), announced a rule of law which revolutionized the 1984 Sentence Reform Act ("SRA")

6.

along with the USSG. Corresponding to Booker, the Third Circuit in U.S. v. Gunter, 462 F.3d 237, at 247 (3rd Cir. 2006) recognized "two types of Booker error," id. at 247: "First, a district court could err by relying upon judge-found facts, other than prior convictions, to enhance a defendant's sentence beyond the statutory maximum for the crime the defendant was convicted." Citing Booker at 244. The Sixth Amendment prohibits this practice, id., sometimes referred to as "constitutional" Booker error.

"Second, a sentencing Court could err by applying the Guidelines mandatorily (even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon a prior conviction), as Booker makes them no more than advisory. This sometimes referred to as "non-constitutional" Booker error. "Id. at 247.

### a. Booker's First Holding Involved "Constitutional" Error.

Section 18 U.S.C. § 3582(c)(1)(B) accommodates the "First" Booker "consittutional" error for reduction of the term of imprisonment predicated upon 21 U.S.C. § 841(b)(1)(C) via 28 U.S.C. § 2255, i.e., for the Booker "constitutional" error—a "fundamental miscarriage of justice" predicated upon the Sixth Amendment.

This Court's instruction to the jury: "the Government's Exhibit #1 consists of the following: a measurable amount of the Schedule II Controlled Substance, cocaine. I instruct you that Federal Law only requires that some measurable amount of the controlled substance be contained in the substance which is the subject of the indictment. The law does not require that any certain quantity of a controlled substance exists to support a

conviction." See Exhibits #2-3, excerpts of "Charge of the Court," for counts one and two. Movant asserts that this constituted a "Booker consittutional" error because quantity/type is an aggravated element corresponding to 21 U.S.C. § 841(a)(1).

13. At the time of sentencing, this Court as recognized in Gunter, supra at 247, erred when it sentenced Movant to a mandatory-minimum of life imprisonment "relying upon judge-found facts." See e.g., U.S. v. Flowal, 234 F.3d 932, 937 (6th Cir. 2000)("The judge's determination effectively limited the range of applicable penalties and deprived Flowal of the opportunity to receive less than life imprisonment without the possibility of release"); U.S. v. Gonzalez, 420 F.3d 111, 126 (2nd Cir. 2005) (citing Harris v. United States, 536 U.S. at 596-70, 122 S.Ct. 2406)("No matter. This case does not fit within the Harris paradigm ... Instead, when drug quantity raises a mandatory minimum sentence under § 841, it simultaneously raises a corresponding maximum, thereby increasing a defendant's authorized sentencing range above what it would have been if he had been convicted of an identical unquantified drug crime."). Furthermore, the Third Circuit on September 10, 2007, overturned one of its precedents, United States v. Kikumura, 918 F.2d 1084 (3rd Cir. 1990) in light of Booker, supra. See The Third Circuit's U.S. v. Fisher, 502 F. 3d 293, 295 (3rd Cir. 2007): "We hold that it does not," i.e., remain good law in applying a standard '[t]hough these facts may have a substantial impact on the sentence, they are not elements, and thus not subject to the Constitution's indictment, jury, and proof requirements ... The statutes do not require these facts,

8.

sometimes referred to as sentencing factors, to alleged in the indictment, submitted to the jury or established beyond a reasonable doubt."

### b. Booker's Second Holding Involved "Non-Constitutinal" Error.

14. Following Booker, supra, three major Supreme Court decisions would come down magnifying the extent of Booker. See Rita v. United States, 127 S.Ct. 2456 (2007), which held: "A court of appeals may apply a presumption of reasonableness to a district court sentence within the Guidelines."; Kimbrough v. United States, 128 S.Ct. 558 (2007), in Kimbrough, the Supreme Court identified three major issues associated with the differential treatment of crack and powder offenders, which under the old guideline 'yield[ed] sentences for crack offenses three to six times longer than those for powder offenses involving equal amounts of drugs." Id. at 556:

(1) the disparity was based on "assumptions about the relative harmfulness of the two drugs" that "more recent research and data no longer supports;" Id. at 586 (citing U.S.S.C. Report to Congress: Cocaine and Federal Sentencing Policy at 91 (2002) ("2002 Crack Report") & U.S.S.C. Report to Congress: cocaine and Federal Sentencing Policy at 8 (May 2007)("2007 Crack Report");

(2) the disparity "leads to the anomalous result that retail crack dealers get longer sentences than the wholesale drug distributors who supply them with powder cocaine from which their crack is produced," and thus "is inconsistent with" congressional policy to punish major drug dealers more severly than low-level dealers, Id. (citing U.S.S.C. Special Report to Congress: Cocaine and Federal Sentencing Policy at 66-67, 174 (Feb. 1995)("1995

Crack Report"); and

(3) the disparity "fosters disrespect for and lack of confidence in the criminal justice system because of a widely-held perception that it promotes unwarranted disparity based on race, Id. (citing 2002 Crack Report at 103). The Court also cited the Commission's own conclusions that this disparate treatment of crack offenders was "generally unwarranted" and "fail[ed] to meet the sentencing objectives set forth by Congress in both Sentencing Reform Act and the 1996 Act, Id. at 567-68.

The Supreme Court in Gall v. United States, 128 S.Ct. 586 (2007), further enunciated the orismology of its holding in Booker, supra, by holding: "While the extent of the differences between a particular sentence and the recommended Guidelines range is relevant, courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."

In light of Booker, supra, Rita, supra, Kimbrough, supra, and Gall, supra, Movant's sentence should be revisited under Amendment 591, 706, & 711, respectively.

V.     **Title 18 U.S.C. § 3582(b) Governs The Finality Of Movant's Judgment Of Conviction By Virtue Of The SRA Of 1984**

   a.   **18 U.S.C. § 3582(c)(1)(B) Conditions The Finality Of Movant's Judgment Of Conviction(s)**

In giving judicial construction to 18 U.S.C. § 3582(c)(1)(B), the Sixth Circuit in U.S. v. Ross, 245 F.3d 577, 586 (6th Cir. 2001) discerned that: "The authority of a district court to resentence a defendant is limited by statute." Thereafter, recognizing that 18 U.S.C. § 3582(c)(1)(B) states:

10.

The court may not modify a term of
imprisonment once it has been imposed
except that ...
The court may modify an imposed sen-
tence of imprisonment to the extent
otherwise expressly permitted by statute
or by Rule 35 of the Federal Rules
of Criminal Procedure ...

The _Ross_ Court further espounded that: "Only two other
statutory exceptions modify the general rule expressed in 18 U.S.C.
§ 3582 that a district court may not modify a term of imprisonment
once the same has been imposed. Upon the issuance of relief un-
der 28 U.S.C. § 2255, a resentencing may occur. Similarly, under
28 U.S.C. § 2106, upon remand from a Court of Appeals or the
Supreme Court to the district court, a resentencing is authorized
by law."

In light of _United States v. Booker_, _supra's_ "constitutional"
holding, Movant is entitled to have his judgment modified; or, a
hearing to determine why he is not entitled to modification of
his sentence. Although "[f]inal judgment in a criminal case
means sentence. The sentence is the Judgment." _See_ _Burton v._
_Stewart_, 549 U.S. ___ (2007), Congress has conditioned the fin-
ality of judgment to the conditions of 18 U.S.C. § 3582(c) via
18 U.S.C. § 3582(b)(1). _See_ _Goines_, _supra at_ 476.

**b. 18 U.S.C. § 3582(c)(2) Conditions The
Finality Of Movant's Judgment Of Con-
viction(s).**

15. The Fourth Circuit in _U.S. v. Goines_, 357 F.3d 469,

478 (4th Cir. 2004), recognized that "Congress delegated to the Commission the authority to decide when a final judgment may be revised. Thus, the disruption of finality engendered by a broad interpretation of § 3582(c)(2) is consistent with the legislative design." This recognition is consistent with the Supreme Court's decision in Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the duty to review and revise the Guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentencing will be given retroactive effect, 28 U.S.C. § 994(u) [28 USCS § 994(u)]. This power has been implemented in USSG § 1B1.10, which sets forth the amendments that justify sentence reduction.")

**VI.**     **Amendments 591, 706 And 711 Are Listed In USSG § 1B1.10(c) Justifying Consideration Herein**

16. **Amendment 591** directs the Court to select the applicable guideline based upon the "offense of conviction;" which is to be done correctly, See Gall v. United States, supra, citing Rita, supra: "As we explained in Rita, a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range." This being so, Movant's "offense of conviction" "after Booker, supra, was the jury's verdict under 21 § 841(a)(1) and (b)(1)(C). See U.S. v. Fisher, 502 F.3d 293, 307 (3rd Cir. 2007)("After Booker, the 'offense of conviction' is defined by the United States Code; thus, a reasonable sentence which does not exceed the maximum prescribed by the Code cannot possibly be 'disproportionate to the offense of conviction." Herein, Movant's "offense of conviction," i.e., 21 U.S.C. § 841

12.

(a)(1) and (b)(1)(C) is disproportionate to his "judgment of conviction," i.e., 21 U.S.C. § 841(b)(1)(A). Amendment 591 operates to rectify and reconcile this inconsistency. Count two's mandatory life of imprisonment exceeded the maximum of 21 U.S.C. § 841(b)(1)(C)—thirty-year maximum. Movant was entitled to a Guideline Sentence on both count one and two. Count one, base offense level 24, criminal history III, 63-78 months; count two, base offense level 32; criminal history III, 151-188. Under U.S.S.G. § 3D1.2(d)'s Group of Closely Related Counts and § 3D1.3(b)'s applying the highest base offense level of 32, (99.1 kg + 1549.71 kg. = 1648.81). Movant is entitled to a reduction in his term of imprisonment. Notwithstanding the Booker's "Constitutional" error entitling Movant to time served under a Guideline sentence.

17. **Amendment 706 and Its further Amendment 711**, notwithstanding Amendment 591's threshold consideration reducing Movant's term of imprisonment to basically time-served. Using **Amendment 706 and 711,** provides a sentence reduction category III, i.e., 151-188. Alternatively, under the factors of 18 U.S.C. § 3553(a) this Court is authorized to fashion a more suitable sentence based upon the facts of Movant's particular case. See Gall v. United States, 128 S.Ct. 586 (2007). Under Booker's "constitutional error," Movant's sentence—a mandatory minimum of life imprisonment, constitutes a "fundamental miscarriage of justice" resulting in a "fundamental unjust incarceration." See Murray v. Carrier, 477 U.S. 478, at ____, 91 L.Ed2d 397, 106 S.Ct. 2639 (1985)("[i]n appropriate cases" the principles of ... finality ... must yield to the imperative of correcting a fundamentally unjust incarceration.").

VI.    **This Court's Equitable Powers To Do Justice In A Particular Case Pursuant To 28 U.S.C. §§ 451, 452, 453 And 1651(a) When A Defendant Is Actualy Innocent Of A Sentence Imposed Is Being Invoked.**

18.   _Booker_, _supra's_ recognition of a constitutional error in the practice of the sentencing under the SRA was acknowledged by the Third Circuit in _Gunter_, _supra at_ 247—"The Sixth Amendment prohibits this practice, id., sometimes referred to as "constitutional" _Booker_ error."  Movant was a victim of this practice— a "victim[ ] of a fundamental miscarriage of justice."  The ancillary power to correct this injustice resides in 28 U.S.C. §§ 451- 453 and 1651(a), these statutory instruments granted by Congress to the Court, codifies "justice" through administration—that the laws of the United States are designed to serve.

19.   In the _U.S. v. Goines_, _supra at_ 476, the Fourth Circuit recognized a defendant has at least three remedies for a sentence computed improperly.  The third, if the Commission adopts a retroactive amendment demonstrating that the guidelines were applied incorrectly, the defendant can file a § 3582(c)(2) motion." _See_ also, _Braxton_, _supra at_ 348:  "In addition to the duty to review and revise the Guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentence will be given retroactive effect."  Co-extensive to 18 U.S.C. § 3582(c)(2)'s enforcement of these Amendments, is the power to achieve justice pursuant to 28 U.S.C. §§ 451-453 and 1651(a) Cf. _Medberry v. Crosby_, 351 F. 3d 1049 (11th Cir. 2003)(Recognizing that "[28 U.S.C.] § 2241 merely 'consolidate[d] Section 451, 452 and 453 of Title 28, U.S.C. § 1940 id., with changes in phraseology necessary to ef-

14.

fect the consolidation.'"

20. **Summation of the arguments regarding** the Amendment 591, 706 and 711, (1) Movant "offense of conviction," 21 U.S.C. § §41(a)(1) and (b)(1)(C); rendered by the jury's verdict is void of a "mandatory minimum." That is, to have imposed a mandatory-minimum of life imprisonment predicated upon judicial fact-findings of count two. Count two statutory maximum was thirty-years. See United States v. Vaughn, 430 F.3d 518, 521 (2nd Cir. 2005)("[D]istrict courts may find facts relevant to sentencing by preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) "..." (2) "..." or (3) a mandatory minumum sentence ... not authorized by the verdict."); U.S. v. Fisher, supra (same); United States v. Gunter, supra (same). **Amendant 706 and 711**, although minimum in effect as recognized by the Commission's Crack Report 2002 at viii; and the 2007 Crack Report at 10, see Kimbrough, supra at 568-569. Such relief, fosters a semblance of justice affording the Court an opportunity to see and use other means of remedial instruments—§§ 451-453 and 1651(a), to achieve justice.

**Conclusion,** the record clearly shows error manifested by subsequent decisions of the Commission and/or Supreme Court—entitling Movant to an evidentiary hearing along with appointment of counsel. See annexed motions for appointment of counsel and clerical error.

**Relief,** Movant respectfully moves the Court for consideration under 18 U.S.C. §§ 3582(c)(1)(B) and (c)(2); as implemented

15.

through § 2255 and U.S.S.G., § 1B1.10; along with an evidentiary hearing to establish the facts for the relief sought herein and any other relief the Court deems just and proper.

Dated: March 7, 2008    Respectfully submitted,

Thomas Daniels, Pro se.
Reg. No 49116-066
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :  CRIMINAL ACTION

   V.        :  95-CR-369

           :

THOMAS DANIELS     :


## CHARGE OF THE COURT


Thomas Daniels is the only person on trial before you, and he is
the only person whose case you will be asked to decide in your verdict.

The Government has the burden of proving beyond a reasonable
doubt the guilt of Thomas Daniels of each crime charged against him in
the indictment. The Defendant, however, asserts the defense of
entrapment and the defense of coercion or duress. The defense of
entrapment requires the Government to prove beyond a reasonable
doubt that the Defendant was not the victim of entrapment. The
Government also has the burden of proving beyond a reasonable doubt
that the Defendant was not acting under coercion or duress.

The indictment in this case consists of three counts. You must
consider the evidence separately as to each count. You will note the

1

EXHIBIT # 1

"delivery" means the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship.

The law classifies cocaine as a Schedule II controlled Substance. In this case, the parties have stipulated that the material in question; that is, the Government's Exhibit # 1 consists of the following: a measurable amount of the Schedule II Controlled Substance, cocaine. I instruct you that Federal Law only requires that some measurable amount of the controlled substance be contained in the substance which is the subject of the indictment. The law does not require that any certain quantity of a controlled substance exists to support a conviction.

The Second element the Government must prove beyond a reasonable doubt is that the Defendant acted knowingly and intentionally. An act is done knowingly if done voluntarily and intentionally, and not because of mistake or accident. Intentionally for this crime means specific intent. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the Government must prove that the Defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may

4

EXHIBIT # 2

Count Two charges the Defendant with distribution of cocaine base ("crack cocaine"), a Schedule II Controlled Substance on March 15, 1995, in violation of 21 United States Code, Section 841(a)(1). In order to prove the offense of distribution of a controlled substance as charged in Count II of the indictment, the Government must prove beyond a reasonable doubt the following elements:

(1) that the Defendant distributed the controlled substance on or about the date alleged in the indictment; and

(2) that the Defendant did so knowingly and intentionally.

As to the first element, I have already instructed you as to the law of "distribution" of a controlled substance and I will not repeat it here.

The law classifies cocaine base ("crack cocaine") as a Schedule II Controlled Substance. In this case, the parties have stipulated that the material in question; that is, the Government's Exhibit # 2 consists of the following: a measurable amount of a Schedule II Controlled Substance, cocaine base ("crack cocaine"). I instruct you that Federal Law only requires that some measurable amount of the controlled substance be contained in the substance which is the subject of the indictment. The law does not require that any certain quantity of a controlled substance exists to support a conviction.

11

EXHIBIT # 3

Count one of the Indictment charges that the defendant distributed approximately 495.9 grams of cocaine. Count Two of the Indictment charges that the defendant distributed or aided and abetted the distribution of approximately 231.3 grams of cocaine base. The quantity of the controlled substances is not an essential element of the crimes charged and it is sufficient if the government proves that a measurable amount of a controlled substance was involved.

---

United States v. McNeese, 901 F.2d 585, 600-01 (7th Cir. 1990); See United States v. Wood, 834 F.2d 1382, 1388-90 (8th Cir. 1987).

EXHIBIT # 4

## GOVERNMENT'S REQUEST NO. 20

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

---

1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §18.02 (3d ed.).

**EXHIBIT # 5**

# PROOF OF SERVICE

I certify that on ___3/ 7 /08___ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below:**

Ewald Zittlau, AUSA
U.S. Attorney's Office
615 Chestnut Street
Philadlephia, PA 19106-4476

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ___3/ 7 /08___ (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature ___Thomas Daniels___ Thomas Daniels, Pro se.
Reg. No. 49116-066
U.S. Penitentiary Allenwood
P.O. Box 3000
Dated: ___3/ 7 /08___ White Deer, PA 17887-3000

*Rev. 09/05*

7